Tbe opinion of tbe Court was delivered by
O’Neall, J.
On tbe two first grounds of tbe motion, we think tbe plaintiffs must bave a new trial.
1st. The Judge below thought, that the record of this defendant against these plaintiffs, and a deceased brother, was not between tbe same parties, and therefore refused to permit it to be given in evidence. Tbe persons now before tbe Court were tbe parties then : tbe brother William, who is deceased, claimed in tbe same right with tbe plaintiffs. How bis death can deprive tbe survivors of the benefit of that recovery, is not perceived.' Tbe force and effect of the recovery is another question, but unquestionably it was evidence, which ought to bave been received, at least in aid of tbe question of location. But I go further ; it may bave tbe effect to conclude tbe present controversy. .
Tbe former case was in trespass guare clausum fregit, and tbe verdict was in favor of tbe then defendants, now tbe plaintiffs. In Shettlesworth vs. Hughey, 9 Rich. 387, it was held that in such an action, if tbe title be put in issue, it is conclusive. In that case merely tbe general issue was pleaded. Here tbe general issue and liberum tenementum were pleaded. Both by tbe record, and tbe proof, tbe title was put in issue, and clearly tbe record in that case may end tbe controversy here. In Manigault vs. Deas, Bail.Eq. 293, the ruléis stated that “ A direct final judgment of a Court of competent jurisdiction, on tbe same subject-matter, between tbe same parties, *201 and privies in law or estate, is conclusive, and cannot be reexamined in a subsequent original action, in the same or any other Court.” Apply that rule: the judgment was a final one, of a Court of competent jurisdiction, on the same subject matter. Eor there, as here, the question was, Who had title to the land? The jury said the present defendant had not title to that which was then in dispute, as evidenced by the trespass, and the title then located for the defendants. The parties were the same, except the deceased brother, who claimed in the same right with these plaintiffs. If his absence from the record in this case could have any effect, surely the plaintiffs are privies in estate with him. That the plaintiffs here may show, by parol, what was the matter adjudged in that case, if the pleadings do not sufficiently show it, is abundantly proved by Henderson vs. Kenner, 1 Rich. 474; Shettlesworth vs. Hughey, 9 Rich. 387; and Jones vs. Muldrow, Chev. 254.
2d. That the evidence of the deceased witnesses in the former case was competent in this,'is, it seems to me, clear, and is established by the same reasoning which brought me to the conclusion that the recovery was admissible in evidence. The parties are the same for all the purposes of this case.
The motion is granted.
Wardlaw, Glover, and Mü-nro, JL, concurred.

Motion granted.